NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

LEONARD L. SMITH, PETITIONER, v. THOMAS B. BOSS, TRADING AS LUZERNE FARMS, RESPONDENT.

Petitioner, Leonard L. Smith, by his petition, claims compensation because of an accident occurring on January 9th, 1927, while petitioner was employed around the farm of respondent, and was then engaged in raking up and burning leaves, and because of an explosion of something in the leaves, petitioner's eye was destroyed, and it also appears by the petition that petitioner's eye was removed; that his wages were $60 a month, plus the furnishing of a house, fuel, wood, milk and fruit. Petitioner claims the injury occurred in the course of his employment, and the respondent, while admitting the injury, denied that the injury occurred in the course of the employment of the petitioner, and claimed that the injury occurred at a time when the petitioner was outside of the course of his employment.

Upon the hearing it was established that the petitioner had been working as a general farm hand around respondent's place, doing whatever he was told to do by the manager of respondent, Mr. Earl Kling; that a short time previous to January 9th, 1927, he was directed to remove from the house he was then occupying, and was informed by Mr. Kling that the respondent would shortly appear upon the place, and that Mr. Kling desired the place to be cleaned up, and that the petitioner was also directed to clean up the leaves and the yard and house adjoining the house where the petitioner was

then living, and petitioner would have the right to use the premises which he was to clean up, and was directed to move in said premises after he had cleaned up. No specific time was set for the petitioner to perform this work, but he was told by the respondent's manager that it should be done within a certain time. On the morning when the accident occurred petitioner had performed various duties around the farm, and in the afternoon of that day proceeded to rake up the leaves around the property not occupied by him, but adjoining, and proceeded to set fire to the leaves, and while engaged in this work an explosion of some dangerous explosive took place in the pile of burning leaves, and a missile or bullet struck the eye of the petitioner, injuring it so badly that after the arrival of petitioner at the hospital his eye was removed.

On the afternoon in question the petitioner had not been paid his wages, and was subject to other duties at any time during that day by the respondent's manager. The testimony showed that the petitioner's wages were $13.85 a week in cash, with the use of the house and certain other elements of maintenance, as set forth in petitioner's petition, which should be valued at $3 a week under the statute. This would constitute a total wage of $16.85 a week, and a compensation rate of $11.23 a week. Petitioner testified, and it is held to be a fact, that he was incapacitated from working from January 9th, 1927, to March 10th, 1927, and he is entitled to receive compensation at the rate of eight weeks' period of temporary disability, at the rate of $11.23 for one hundred weeks of permanent injury, petitioner having lost an eye, making a total amount which petitioner is entitled to receive as against the respondent of one hundred and eight weeks. Petitioner also incurred a hospital bill of $65 and is entitled to have that amount, and William N. Cooper, appearing for the petitioner as counsel, should be paid the sum of $125 for his services.

W. E. STUBBS,
*Deputy Commisioner.*